# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0983
Lower Tribunal No. 14-589-CA-01
_____


**Pedro Barcelo,**
Appellant,

vs.

**Little Paket Corp., et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Montalvo Law, P.A., and Jim Montalvo; Schwartz Sladkus Reich Greenberg Atlas LLP, and Jonathan Mann and Robin Bresky (Boca Raton), for appellant.

Brito, PLLC, and Alejandro Brito and Carlos Mouawad, for appellee Pablo Alvarez.


Before LOGUE, C.J., and LOBREE and GOODEN, JJ.

LOGUE, C.J.

Pedro Barcelo appeals the trial court's order permitting Pablo Alvarez to allege punitive damages claims against him. Because we find the asserted facts in the record do not rise to the level of outrageous behavior of the sort required to support a claim for punitive damages, we reverse.

## BACKGROUND

This appeal stems from a dispute over allegedly improper dividend distributions and the removal of an interest holder in a related real estate brokerage. Barcelo owned a company called Little Paket Corporation. Little Paket owned an interest in two real estate brokerages, the Real Estate Center America, LLC and the Real Estate Center of Doral, LLC. Alvarez also had an interest in both brokerages. And a woman named Vivian Abreu owned an interest in Real Estate Doral.

Alvarez has alleged that Barcelo, through Little Paket, pressured Real Estate America into making distributions to Little Paket when the brokerage was unable to do so. He also alleged that Barcelo defamed him to Abreu and to the brokerages' employees. And alleged that Barcelo orchestrated a vote with Abreu to strip Alvarez of his interest and managerial role in Real Estate Doral.

Based on these allegations, Alvarez, individually, sued Barcelo, individually, for (1) two counts of breach of fiduciary duty; (2) defamation; (3)

conspiracy; and (4) conversion. Alvarez moved to add a punitive damages claim to each cause of action, arguing that Barcelo acted with either intentional misconduct or gross negligence. The trial court granted the motion and Barcelo timely appealed.

## ANALYSIS

"Appellate courts review a trial court's decision to grant a motion to amend a complaint to add claims for punitive damages de novo." CCP Harbour Island, LLC v. Manor at Harbour Island, LLC, 373 So. 3d 18, 27 (Fla. 2d DCA 2023). To determine if punitive damages claims are appropriate, we first determine whether "the proposed amended complaint states sufficient allegations to plead a proper punitive damages claim, . . . [then] determine whether the movant has established a reasonable factual basis for its punitive damages claim consistent with the allegations in the amended complaint." Fed. Ins. Co. v. Perlmutter, 376 So. 3d 24, 32 (Fla. 4th DCA 2023).

The allegations and evidence must reasonably show either gross negligence or intentional misconduct. §§ 768.72(1), (2), Fla. Stat. (2024). "'Intentional misconduct' means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge,

3

intentionally pursued that course of conduct, resulting in injury or damage." § 768.72(2)(a), Fla. Stat. (2024). While "'[g]ross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b), Fla. Stat. (2024).

Additionally, Florida courts have consistently held that "punitive damages are reserved for truly 'culpable conduct,' . . . 'so outrageous in character, and so extreme in degree . . . [that] the facts [of the case] to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'" Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo, 357 So. 3d 703, 706 (Fla. 4th DCA 2023) (citations omitted). See also Hosp. Specialists, P.A. v. Deen, 373 So. 3d 1283, 1288 (Fla. 5th DCA 2023) ("[P]unitive damages are not intended to be compensation for injury but instead 'are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence.'" (citation omitted)); W.R. Grace & Co.—Conn v. Waters, 638 So. 2d 502, 503 (Fla. 1994) ("Punitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others.").

4

We recently reiterated the need for outrageous conduct in <u>McLane Foodservice Inc. v. Wool</u>, 49 Fla. L. Weekly D2106 (Fla. 3d DCA Oct. 16, 2024) and in <u>River Front Master Ass'n, Inc. v. N. Inv. Grp., LLC</u>, 49 Fla. L. Weekly D2163 (Fla. 3d DCA Oct. 30, 2024). We do so again here.

Regarding the first breach of fiduciary duty claim—which is related to Real Estate America—neither the allegations nor the evidence show that Barcelo knew of "the wrongfulness of [his] conduct" or knew he was acting in "disregard" of Alvarez's rights. Alvarez alleged that Barcelo demanded distributions be made despite Real Estate America having insufficient funds to do so. And Barcelo should have known that taking money from a company with insufficient finds would harm Alvarez's investment in the company.

But Barcelo testified that when he requested these distributions, there was only one time that Alvarez told him there were insufficient funds to do so. When that occurred, Barcelo agreed to a smaller distribution. Moreover, the accountant signed each distribution check. Alvarez therefore failed to proffer facts showing Barcelo knew of "the wrongfulness of [his] conduct" or that he was acting in "disregard" of Alvarez's rights.

As to the second breach of fiduciary duty action, the conspiracy action, and the conversion action, which relate to Alvarez's expulsion from Real Estate Doral, the allegations simply do not amount to outrageous conduct.

5

The normal remedies afforded for these causes of action are enough to redress any injury here.

Regarding the defamation action, Alvarez did not identify the content of the allegedly defamatory statements. Alvarez's allegations and evidence use many adjectives but fail to present the type of facts needed. For example, he alleged that Abreu told him that Barcelo said "horrible" things about him but was never told the actual content of the statements. The allegations and evidence must provide the facts—not adjectives—to gauge whether the statements warranted punitive damages.

Accordingly, we reverse the trial court's order permitting the punitive damages claims against Barcelo.

Reversed.